

FILED
11/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
CVK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violation: Title 18, United States Code, Section 1343 |
| TOSCA GRIFFITH | **INFORMATION** |

The UNITED STATES ATTORNEY charges:

1:25-cr-00756
Judge John Robert Blakey
Magistrate Judge Beth W. Jantz
RANDOM/Cat. 3

1. At times material to this indictment:

### *The Small Business Administration*

a. The U.S. Small Business Administration ("SBA") was a United States government agency that provided economic support to small businesses.

### *The Paycheck Protection Program*

b. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

c. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses and sole proprietors for job retention and certain other expenses, through a program called the Paycheck Protection Program ("PPP"). Congress subsequently authorized an additional $465 billion in funding for PPP loans, for a total of about $814 billion.

d. To obtain a PPP loan, a business, sole proprietor, or self-employed individual submitted a PPP loan application, which was signed by the applicant or

an authorized representative of the business. The PPP loan application required the applicants to acknowledge the program rules and make certain affirmative certifications regarding the eligibility of the business, proprietorship, or individual. In the application, businesses, sole proprietors, and self-employed individuals were required to provide, among other things, their number of employees and average monthly payroll. This figure was used to calculate the applicant's eligibility and the amount of money the business could receive under the PPP. Applicants were also required to make good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations.

   e. To gain access to funds through the PPP, businesses, sole proprietorships, and self-employed individuals applied to financial institutions participating in the PPP and, if approved, received the loans directly from those financial institutions as the lender.

   f. Participating lenders and the SBA required applicants for PPP loans to provide truthful information about the sole proprietorship, self-employed individual, or business and its owner, including truthful information about the applicant's payroll, income, operating expenses, and how the PPP loan would be used, which information was material to lenders' approval, terms, and funding of loans and the SBA's decision to guarantee the loans.

### *Defendant*

g. Defendant TOSCA GRIFFITH was a resident of Chicago, Illinois. GRIFFITH was the sole proprietor of "Tosca Griffith."

### *Entities*

h. Itria Ventures (the "Lender") was a financial technology company which processed PPP applications and funded PPP loans to approved borrowers.

i. Bank of America, N.A. ("Bank of America") was a financial institution in which GRIFFITH maintained an account. The deposit accounts of Bank of America were insured by the Federal Deposit Insurance Corporation.

### *The Scheme to Defraud*

2. Beginning on or about February 27, 2021 and continuing through on or about August 4, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TOSCA GRIFFITH,

defendant herein, knowingly participated in a scheme to defraud a financial institution, and to obtain money, funds, and property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that GRIFFITH, for the purpose of fraudulently obtaining approximately $20,000 in PPP funds, caused to be prepared and submitted to the Lender, a PPP loan application on behalf of her sole

proprietorship, Tosca Griffith ("the purported PPP borrower"), which application contained materially false statements and misrepresentations, including that the purported PPP borrower paid a specified average monthly salary, was in operation on February 15, 2020, and that all PPP loan proceeds would be used only for business-related purposes. GRIFFITH knew at the time that the purported PPP borrower paid a lower average monthly salary than specified, was not in operation on February 15, 2020, and that she intended to use the loan funds for her personal use and benefit.

4. It was further part of the scheme that, to substantiate the claimed payroll of the purported PPP borrower, GRIFFITH caused to be prepared and submitted to the Lender, a copy of a false IRS Schedule C Form 1040 that fraudulently represented that the purported borrower had received a specified amount in gross income and paid various amounts in wages, tips, and other compensation in tax year 2019. GRIFFITH knew at the time that the purported PPP borrower did not receive the stated gross income and had no payroll for which federal taxes were paid during that period.

5. It was further part of the scheme that GRIFFITH, through the submission of the PPP loan application, directed the Lender to deposit the proceeds of fraudulently obtained PPP loans into a Bank of America account in GRIFFITH's name, which bank account GRIFFITH controlled.

6. It was further part of the scheme that, through the submission of the fraudulent PPP loan application, GRIFFITH caused Bank of America to disburse

approximately $20,000 in PPP loan proceeds into a bank account that she controlled, and she fraudulently obtained approximately $20,000 in PPP loan proceeds.

7. It was further part of the scheme that, after the PPP loan was disbursed, in order to fraudulently obtain forgiveness of the PPP loan she obtained, GRIFFITH prepared and submitted and caused to be prepared and submitted to the SBA, a loan forgiveness application, knowing that the forgiveness application contained false and fraudulent representations regarding the payroll costs for the purported sole proprietorship in the PPP application and the truthfulness and accuracy of the loan application and supporting documents.

8. It was further part of the scheme that GRIFFITH misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

9. On or about March 10, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TOSCA GRIFFITH,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transmission of approximately $20,000 from the Lender's computer servers in California to a Bank of America account ending in x7306 and maintained outside of California, which funds represented the proceeds of a PPP loan to "Tosca Griffith";

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Information, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes but is not limited to a personal money judgment in an amount equal to the proceeds derived from the offense in violation of Title 18, United States Code, Section 1343.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, or has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

CHRISTINE O'NEILL
Digitally signed by CHRISTINE O'NEILL
Date: 2025.11.04 13:28:07 -06'00'

Signed by Christine O'Neill on behalf of the
UNITED STATES ATTORNEY